DIME SAVINGS BANK OF NEW YORK *v.*
W. BRIAN GRISEL ET AL.
(13224)

FOTI, SCHALLER and SPEAR, Js.

Argued September 28—decision released December 13, 1994

*Paul L. Rubin,* with whom, on the brief, was *Barry F. Armata,* for the appellant (plaintiff).

*James R. Mark,* for the appellee (Gary R. DeMayo).

FOTI, J. The plaintiff appeals from the judgment of the trial court approving a foreclosure by sale of property owned by the named defendant et al.[1] The plain-

---

[1] The defendants are W. Brian Grisel and Karen W. Grisel, owners of record, and the Federal Deposit Insurance Corporation (FDIC), a subsequent encumbrancer to the plaintiff's claim. On April 20, 1994, we granted

tiff alleges that the trial court acted improperly by failing (1) to follow the mandates of General Statutes § 49-25,[2] (2) to find the actions of the committee of sale improper in its refusal to reopen the bidding process, and (3) to disapprove of the foreclosure sale because it resulted in an inequity. We reverse the judgment in part.

The following facts are relevant to this appeal. The plaintiff commenced this action to foreclose its mortgage on property located in Chaplin. A judgment of foreclosure by sale was rendered on April 19, 1993. The value of the property was found to be $170,000 and the debt was found to be $139,728.72. The foreclosure sale was ordered to take place at the premises on July 10, 1993, at noon. A committee of sale was appointed and an appraiser was also appointed to prepare an appraisal, which was to be filed with the clerk of the court by June 1, 1993. The court further ordered that

the motion of the successful bidder, Gary R. DeMayo, to appear as an appellee. We also determined during oral argument that because the deed of sale has not been executed, title has not vested in DeMayo, and this appeal is not moot. See *Barclays Bank of New York* v. *Ivler*, 20 Conn. App. 163, 166, 565 A.2d 252, cert. denied, 213 Conn. 809, 568 A.2d 792 (1989). The only appellee before us is DeMayo.

[2] General Statutes § 49-25 provides: "When the court in any such proceeding is of the opinion that a foreclosure by sale should be decreed, it shall, in its decree, appoint a person to make the sale and fix a day therefor, and shall direct whether the property shall be sold as a whole or in parcels, and how the sale shall be made and advertised; but, in all cases in which such sale is ordered, the court shall appoint one disinterested appraiser who shall, under oath, appraise the property to be sold and make return of the appraisal to the clerk of the court. Upon motion of the owner of the equity of redemption, the court shall appoint a second appraiser in its decree. If the plaintiff is the purchaser at sale, or if the property is redeemed at any time prior to the approval of the sale, or if for any reason the sale does not take place, the expense of the sale and appraisal or appraisals shall be paid by the plaintiff and be taxed with the costs of the case. If, after judgment has been rendered, the amount found to be due and for which foreclosure is decreed, together with the interest and the costs, is paid to the plaintiff before the sale, all further proceedings in the suit shall be stayed."

bidders be required to deposit $17,000 in the form of a bank check or certified check with the committee. The plaintiff was excused from that requirement.

On the date of the sale, the committee began the auction at noon. Although approximately twenty-two people arrived to inspect the property, only Gary R. DeMayo registered with the committee as a bidder and submitted his deposit check. His was the only bid, at $30,000. There being no other bids, the committee accepted DeMayo's bid, closed the bidding and concluded the sale. At approximately 12:10 p.m., the plaintiff's attorney arrived and requested that he be permitted to submit a bid on behalf of the plaintiff. The committee refused the request. At that time, the successful bidder, DeMayo, was in the process of executing a bond for deed with the committee.

On January 3, 1993, a hearing was held on the committee's motions seeking approval of the sale, deed and report, along with an allowance for committee's fees and expenses. The plaintiff, prior to this hearing, filed an objection to the committee's motions. The plaintiff noted that its attorney had arrived late because he was unable to locate the property, that the bid accepted was inadequate compared to the value of the property that had previously been found to be $170,000, and that the plaintiff was prepared to bid $101,000 in the event a resale was ordered.

The trial court confirmed the sale. No current appraisal report had been filed with the court at that time. The record is clear that the trial court did not have such an appraisal, as ordered pursuant to § 49-25, on the date that the sale was confirmed.[3]

---

[3] As to whether the court made a finding of value and the basis for that finding, the court articulated: "Yes, to the extent that the value was closer to the $30,000 successful bid than the appraisal. This was based on:

"a) The sale was approximately seven (7) months after the appraisal of

# I

The plaintiff first claims that the trial court failed to obtain an appraisal of the subject property as required by § 49-25, thereby having no basis for determining the fairness of the single bid accepted by the committee. DeMayo concedes that the trial court did not have the benefit of the appraisal report required by § 49-25, but argues that there was, nonetheless, sufficient evidence by which the court could determine whether to approve the sale. DeMayo points to two previous appraisals indicating values of $180,000 and $170,000. He notes that the house had a dirt cellar containing various animals, that the attic contained bats, and that, despite extensive efforts to attract buyers, only one bid of $30,000 was submitted. From this, he concludes that a property is worth only what a prospective purchaser is willing to pay for it, and that the court was justified in determining that the actual value of the property was closer to $30,000 than to $170,000. We do not agree with DeMayo's reasoning that, under these circumstances, the sale price was determinative of value and the appraisal required pursuant to § 49-25 need not have been utilized by the court.

As a preliminary matter, we note that this claim by the plaintiff was not raised before the trial court. As a general rule, we will not consider a claim on appeal that was not distinctly raised at the trial level. *Sarad-*

December 21, 1992, which was not updated. The prior appraisal of March, 1992, was higher, reflecting a decline in the market.

"b) *More importantly,* twenty-two (22) prospective bidders were at the sale, notices and invitations had been sent to forty (40) real estate agents, and extensive advertising had been done. Weather and traffic were not a problem at time of sale, property was well kept although it had been vacant for over one (1) year. See Committee Report dated July 10, 1993, and Recommendation of Committee dated November 10, 1993. Everything had been done to attract buyers who would pay a fair/competitive price." (Emphasis in original.)

*jian* v. *Saradjian,* 25 Conn. App. 411, 419, 595 A.2d 890 (1991). The plaintiff, however, asks that we review this claim under the plain error doctrine. "Plain error is reserved for instances where the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Our Supreme Court has stated that a trial court's failure to follow the mandatory provisions of a statute prescribing trial procedures . . . constitutes plain error." (Citation omitted.) *State* v. *Robins,* 34 Conn. App. 694, 706, 643 A.2d 881 (1994). The plain error doctrine is properly invoked in this case.

Section 49-25 provides in relevant part that in a foreclosure by sale "the court shall appoint one disinterested appraiser who shall, under oath, appraise the property to be sold . . . . Upon motion of the owner of the equity of redemption, the court shall appoint a second appraiser in its decree. . . ." While an appraisal under the statute is not conclusive as to the value of the property for purposes of fixing the amount of a deficiency; *Cronin* v. *Gager-Crawford Co.,* 128 Conn. 688, 692, 25 A.2d 652 (1942); it serves to assist the court in determining whether to approve the sale as one that fairly realized the value of the property. *Bryson* v. *Newton Real Estate & Development Corp.,* 153 Conn. 267, 274, 216 A.2d 176 (1965). While the trial court is not bound to accept the appraised value; *Danbury Savings & Loan Assn., Inc.* v. *Hovi,* 20 Conn. App. 638, 641, 569 A.2d 1143 (1990); it may assist the trial court in the exercise of its discretion, in accepting or rejecting a proposed sale. See *Fidelity Trust Co.* v. *Irick,* 206 Conn. 484, 490, 538 A.2d 1027 (1988).

The trial court in a foreclosure matter acts as a court of equity and has full authority to refuse to confirm a sale on equitable grounds where an unfairness has taken place or where the price bid was inadequate. Id.; see also *Citicorp Mortgage, Inc.* v. *Burgos,* 227 Conn.

116, 121–23, 629 A.2d 410 (1993). The court must exercise its discretion and equitable powers with fairness not only to the foreclosing mortgagee, but also to subsequent encumbrancers and the owners. *Farmers & Mechanics Savings Bank* v. *Sullivan,* 216 Conn. 341, 354, 579 A.2d 1054 (1990). The appraisal procedure provided by § 49-25 performs the function of giving the trial court guidance on the question of whether to approve the sale. *New England Savings Bank* v. *Lopez,* 227 Conn. 270, 279, 630 A.2d 1010 (1993).

This function of providing the trial court with guidance on the question of whether to approve the sale could not be accomplished in the present matter. The court therefore could not reasonably exercise its discretion. Without an appraisal, the court could not determine whether to approve the sale as fairly realizing the value of the property. DeMayo argues that the court used other evidence to determine the value of the property, and that the court's determination should be upheld unless it is found to be clearly erroneous. We are aware that a fair market value is generally achieved where a sale results from fair negotiations between a willing buyer and a willing seller, neither being under pressure to deal. *New Haven Savings Bank* v. *West Haven Sound Development,* 190 Conn. 60, 71, 459 A.2d 999 (1983). We are also aware that foreclosure sales are often at a price substantially less than fair market value. *Cronin* v. *Gager-Crawford Co.,* supra, 128 Conn. 692. An appraisal under § 49-25, however, is a prerequisite for the exercise of the court's discretion in determining whether to approve a foreclosure sale. Further, while the confirmation of a foreclosure sale is a final determination that the mortgaged property was sold at a fair price; id., 693; unless an appraisal is conducted pursuant to § 49-25, the criteria for determining when

a deficiency judgment may be obtained, in accordance with General Statutes § 49-28,[4] cannot be satisfied.

We conclude that a new hearing, subject to compliance with the appraisal procedure of § 49-25, is necessary for a determination of the fair value of the property. Accordingly, we reverse.

## II

The plaintiff also claims that the trial court abused its discretion in confirming the sale because the committee, as an agent of the court, acted improperly in not reopening the bidding process[5] and in obtaining a grossly inadequate sales price at the foreclosure sale.[6] The plaintiff relies on principles of equity and fairness in arguing that the committee should have reopened the bidding process.

The court is the vendor in a foreclosure by sale resulting from a judicial proceeding, and the committee of sale is the mere agent of the court. *Citicorp Mortgage, Inc.* v. *Burgos,* supra, 227 Conn. 120; *Raymond* v. *Gilman,* 111 Conn. 605, 614, 151 A. 248 (1930). The balancing of the equities and the determination of what is required by equity in a particular case are matters of discretion for the trial court. *Harbour Landing Develop-*

---

[4] General Statutes § 49-28 provides in relevant part: "If the proceeds of the sale are not sufficient to pay in full the amount secured by any mortgage or lien thereby foreclosed, the deficiency shall be determined, and thereupon judgment may be rendered in the cause for the deficiency against any party liable to pay the same . . . . If the property has sold for less than the appraisal provided for in section 49-25, no judgment shall be rendered in the suit or in any other for the unpaid portion of the debt . . . of the party . . . upon whose motion the sale was ordered, nor shall the same be collected by any other means than from the proceeds of the sale until one-half of the difference between the appraised value and the selling price has been credited upon the debt . . . as of the date of sale . . . ."

[5] While our remand requires a new hearing, we deem it necessary to address this claim dealing with the committee's refusal to reopen the bidding process.

[6] This issue is subsumed in the first issue.

*ment Corp.* v. *Herman,* 27 Conn. App. 98, 102, 603 A.2d 779 (1992). Our review of the particular facts and circumstances of this case leads us to the determination that the trial court did not abuse its discretion. According to its articulation,[7] the trial court found that the plaintiff's attorney had arrived after the bidding had closed and DeMayo's bid had been approved by the committee. The court further found that DeMayo and the committee had "played by the rules," and that the plaintiff had not been present for the bidding "because of its own mistake or error." The court concluded that it could not reject the sale under these circumstances without undermining the integrity of the foreclosure by sale concept.

Our review of the court's factual determinations is limited to whether those facts are supported by the evidence, or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). We conclude, on the basis of the record before us, that the trial court did not abuse its discretion when it declined to set aside the sale on the basis of the committee's refusal to reopen the bidding process.

The judgment is reversed as to the approval of the sale only, and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[7] The plaintiff did not seek to correct the court's articulation.