NEW MILFORD SAVINGS BANK *v.* JOHN D.
MULVILLE, JR., ET AL.
(AC 19964)
(AC 19966)

O'Connell, C. J., and Foti, Hennessy, Mihalakos and Vertefeuille, Js.

---

[7] Because we agree with the defendant on these claims, we find it unnecessary to address his remaining claims.

522

Considered December 8, 1999—officially released February 1, 2000

*William C. Franklin,* in support of the motions.

*Stephen C. Robinson,* United States attorney, and *James K. Filan, Jr.,* assistant United States attorney, in opposition to the motions.

*Opinion*

O'CONNELL, C. J. This is a mortgage foreclosure action in which the defendants John D. Mulville, Jr., and the United States Internal Revenue Service each appeal from the judgment approving the committee sale. Jonathan M. Jadow, the successful bidder at the foreclosure sale, has filed a motion to be made a party defendant appellee in each of the appeals. Because he has a direct and immediate interest in the outcome of these appeals, we grant his motions to be made a party.

The plaintiff, New Milford Savings Bank, commenced this foreclosure action against the defendants, John D. Mulville, Jr., Anne Mulville and the Internal Revenue Service, seeking to foreclose a mortgage on residential

property the Mulvilles owned in Salisbury. The trial court rendered a judgment of foreclosure by sale on September 15, 1997. Subsequently, John D. Mulville, Jr., filed two bankruptcy petitions and a motion to open the judgment, all of which delayed the foreclosure sale date until July 24, 1999. On that date, Jadow was the successful bidder at the sale, entering a bid of $275,000.

Subsequently, the committee filed a motion requesting, inter alia, approval of the committee sale and acceptance of its report. The plaintiff bank and the defendants John D. Mulville, Jr., and the Internal Revenue Service objected to approval of the sale. The trial court, however, granted the committee's motion over the parties' objections and rendered judgment approving the sale. The defendants John D. Mulville, Jr., and the Internal Revenue Service each filed a timely appeal from the judgment. Thereafter, Jadow, the successful bidder, filed motions to be made a party defendant appellee in both appeals.

Jadow has moved to be made a party defendant appellee pursuant to Practice Book § 62-5, which provides in relevant part that "[a]ny change in the parties to an action pending an appeal shall be made in the court in which the appeal is pending. . . ." In the present case, it was not until after two of the defendants appealed from the judgment approving the committee sale that Jadow had any reason to seek party status. His motion to be made a party defendant appellee is, therefore, properly before this court.

A successful bidder's motion to be made a party defendant appellee is analogous to a motion to intervene filed in the trial court. In the trial court, "[a]n applicant for intervention has a right to intervene under Practice Book [§ 9-18][1] where the applicant's interest

---

[1] Practice Book § 9-18 provides in relevant part: "If a person not a party has an interest or title which the judgment will affect, the judicial authority, on its motion, *shall* direct that person to be made a party." (Emphasis added.)

is of such a direct and immediate character that the applicant will either gain or lose by the direct legal operation and effect of the judgment." (Internal quotation marks omitted.) *Washington Trust Co.* v. *Smith*, 241 Conn. 734, 740, 699 A.2d 73 (1997), quoting *Horton* v. *Meskill*, 187 Conn. 187, 191, 445 A.2d 579 (1982). "[A] person or entity does not have a sufficient interest to qualify for the right to intervene merely because an impending judgment will have some effect on him, her, or it. The judgment to be rendered must affect the proposed intervenor's direct or personal rights, not those of another." *Horton* v. *Meskill*, supra, 195.

In *Dime Savings Bank of New York* v. *Grisel*, 36 Conn. App. 313, 314 n.1, 650 A.2d 1246 (1994), this court granted a successful bidder's motion to appear as an appellee. As in *Grisel*, the trial court in this case approved the committee sale of the subject property to the movant, and an appeal was taken from the judgment rendered. Unlike an unsuccessful bidder at a foreclosure sale, a successful bidder has a direct and sufficient interest in the outcome of an appeal. If the judgment were reversed on appeal, Jadow would lose his right to purchase the subject property for $275,000, the amount of his successful bid. Because his interest as a successful bidder will be impacted directly by this court's decision on the merits, he should be allowed to appear as an appellee in these appeals.

The motions to be made a party defendant appellee are granted.

In this opinion the other judges concurred.