[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a memorandum of decision regarding the plaintiff's motion to disapprove of the foreclosure sale of the property.
The plaintiff moves to disapprove of the foreclosure sale on the ground that its representative through no fault of his own was late for the sale and did not have an opportunity to present his bid. It claims that since he did not have an opportunity to get there because of traffic delays and the fact that he was lost, that Attorney Basil was not at fault and, therefore, his arrival just after the bidding concluded and the auction was closed should have required the committee of sale to open the bidding and give him an opportunity to present his bid. The plaintiff also contends that the actual bid approved was only $100,000.00 which was 50% of the court approved appraisal. It claims that where the value of the CT Page 16688 mortgage premises is low as compared to the debt, in view of all of the circumstances, the amount of sale was far below the debt and accordingly should not have been permitted. The court should also consider the fact that a second sale namely one where the plaintiff had an opportunity to bid would have produced a higher sales price inasmuch as they were prepared to bid $135,900.00. They argue, therefore, that since the second sale would have yielded at a higher price, the court should have given them an opportunity to make that bid and disapprove the original sale. The plaintiff also points out that it can be considered settled law in Connecticut that a court can refuse to confirm a sale on equitable grounds where the price bid was inadequate. The court should also consider whether the bid price is less than the appraised value of the property or less than the foreclosing mortgagee's debt. If that is the case, the trial court has the authority to reject the proposed sale. Under all of the circumstances of the case, the plaintiff contends that the court should conclude that it should deny the committee's motion for approval of sale, should grant the plaintiff's motion to disapprove the sale and should order appropriate further proceedings.
A further argument made by the plaintiff is that the G.C. Holdings LLC (hereinafter GCH) was not a registered bidder at the sale. The bidder was Gary Whipple who is the sole proprietor of GCH. Despite the fact that GCH was not a registered bidder, the committee of sale issued a bond for deed in its name. The plaintiff claimed that this is an irregularity and it should require the court to disapprove of the sale.
GCH contends that it was the successful bidder at the subject foreclosure sale held on September 29, 2001 and requests the court to consider these arguments. The sale was conducted by a court-appointed committee of sale, Attorney Miriam Gardner-Frum. Said sale was advertised to commence at twelve noon on the premises. Six potential bidders were present at the sale at said time, including a successful bidder, Gary Whipple for GCH, and the representatives and the attorney for the second mortgage holder, Washington Trust Company, Frank Cafone, and Attorney Tia Priolo respectively. There is no dispute that the plaintiff's representative was not present at the time the sale was ordered by the court to occur.
The successful bidder complied with the terms of the sale, made a bid of $100,000.00 which was not exceeded by any of the other bidders, including the second mortgagee. He tendered his deposit and entered into a bond for deed with the committee under the name GCH. GCH further argues with respect to the value of the property and the relative value of the bid to the value of the property that although the appraisal relied upon by the plaintiff is in the amount of $200,000.00, it is based upon an external drive-by appraisal only. The successful bidder GCH put into CT Page 16689 evidence an appraisal that it requested, on October 24, 2001, which included an internal inspection. That appraisal indicated a fair market value as of that date of $152,000.00. The appraisal points out numerous defects and deficiencies in the interior of the house that would have been unknown to the court's appraiser. The successful bid is approximately two-thirds of the fair market value. The court considers the fair market value to be what a willing seller would sell for and a willing buyer would bid.
In its reply brief, the plaintiff contends that the appraisal obtained by GCH is improper and should not be considered by the court. It maintains that the statute, Connecticut General Statutes § 49-25
mandates that any new appraisal be returned to the court at a time close to the sale. ln the case of Danbury Savings and Loan Associates, Inc. v.M. Hovi, et al, 20 Conn. App. 638 (1990), the court found that approval of the sale for $98,000 was proper, notwithstanding the appraiser's evaluation of $225,000. The appraisal made pursuant to the foreclosure by sale statute is not conclusive as to the value of the property and the court is not bound to accept the appraised value. Accordingly, the court rejects the plaintiff's argument that it is bound by the original court-ordered appraisal.
In that regard, the second mortgage holder was present at the sale and did not bid. It may be assumed that they did not feel the property had a value over that which the GCH bid. Most telling as to the fairness of the successful bid is the fact that second mortgage holder, Washington Trust Company, was present at the sale through its representatives and did not bid in excess of the $100,000.00. The silence of the second mortgage holder with the bid at $100,000.00 speaks volumes about the true value of the property. A fair value of the property is what a willing buyer and a willing seller would agree to. "A foreclosure action is a forced sale, akin to a distress sale. Typically the final bid is less than the fair market value because of the circumstances. PHH Mortgage v. Pike, WL 552894 (August 21, 1998). The fact is there were five other bidders present who did not feel the property was worth more than the $100,000.00 bid by GCH. The plaintiff's debt and its proposed bid has no bearing on that fact. It should also be noted that the defendant property owners were discharged in bankruptcy and they are not affected by the amount of this sale. As a matter of fact, the first bid was $25,000.00.
The representative for the plaintiff admits that he was not present at the property at the time the sale was ordered to occur. In Dime SavingsBank v. Grisel, 36 Conn. App. 313, 321 (1994), the trial court, in approving the sale under almost identical circumstances, concluded that the plaintiff was not present for the sale "because of his own mistake or error." While in this case there is a dispute as to the exact time of CT Page 16690 Basil's arrival, he says arrived at 12:03 pm, on the other hand, the sworn affidavit of Attorney Priolo indicates a 12:10 pm arrival by the plaintiff's representative and the committee of sale also testified that the sale was completed and the auction closed by 12:10 pm or 12:12 pm. The undisputed fact is that the sale has occurred at the proper time and plaintiff's representative was not present at that time. While the court has the greatest sympathy for him for his problems with traffic and getting lost, on the other hand, the court must consider the other parties involved and the fact that they were on time and did everything appropriate to complete the sale. The court, therefore, cannot disapprove the sale because of the misfortune of Basil.
The court finds that the successful bidder has complied with all of the court's orders and has incurred significant costs in justifying the approval of the sale. In the case previously cited, PHH Mortgage v. Pike
and Dime Savings Bank v. Grisel both factually similar to the case at the bar if not almost identical, the plaintiffs' representatives arrived late for the sale, and in both cases the trial courts weighed the equities and approved the sales. In this case, the equities again favor approval of the sale.
The only party that seeks disapproval of the sale and the only party that would benefit from a new sale is the party at fault for not being present on time. The successful bidder GCH has requested that the court exercise its discretion and approve the sale at the request of the party not at fault. The court accordingly, while it has the greatest of sympathy for Mr. Basil because of his own unfortunate ability to be on time, must find in favor of GCH and approve of the sale and deny the motion to disapprove the sale.
D. Michael Hurley, Judge Trial Referee