JACQUELINE PROPERTIES, LLC *v.* JOSEPH C. GARTRELL ET AL.
(AC 27189)
(AC 27252)

Bishop, Harper and Foti, Js.

Argued November 16, 2006—officially released May 1, 2007

*Gordon Bednarz*, for the appellant (named defendant).

*Thomas J. Farrell*, for the appellee (plaintiff).

*Opinion*

HARPER, J. In this foreclosure action, the defendant Joseph C. Gartrell challenges the orders of the trial court confirming the sales of two properties he owned.[1] The defendant claims on appeal that the court improperly confirmed the sales without the return of appraisals mandated by General Statutes § 49-25.[2] We affirm the judgments of the trial court.

[1] This is a consolidated appeal from the foreclosure of two adjacent properties owned by Gartrell. The plaintiff, Jacqueline Properties, LLC, brought these actions for foreclosure against Gartrell and numerous holders of encumbrances of record on the properties. These other parties have not joined Gartrell on appeal, and we therefore refer only to Gartrell as the defendant.

[2] General Statutes § 49-25 provides in relevant part: "When the court in any such proceedings is of the opinion that a foreclosure by sale shall be decreed, it shall, in its decree, appoint a person to make the sale and fix a day therefor, and shall direct whether the property shall be sold as a whole or in parcels, and how the sale shall be made and advertised; but, in all cases in which such sale is ordered, the court shall appoint one disinterested appraiser who shall, under oath, appraise the property to be sold and make return of the appraisal to the clerk of the court. Upon motion of the owner of the equity of redemption, the court shall appoint a second appraiser in its decree. . . ."

The following facts and procedural history are relevant to our disposition of the defendant's appeal. The plaintiff, Jacqueline Properties, LLC, is the holder of municipal tax liens purchased from the city of Hartford. The liens were recorded against two adjacent properties located on Albany Avenue in Hartford, which we refer to herein as 696-714 Albany Avenue and 690 Albany Avenue. Both properties were owned by the defendant. In 2002, the plaintiff sought foreclosure of the tax liens and related equitable relief on both properties.

The court rendered judgments of foreclosure by sale on both properties on August 2, 2004. The court found the value of 696-714 Albany Avenue to be $260,000 and the value of 690 Albany Avenue to be $145,000. The court-appointed appraiser returned appraisals on September 9, 2004, valuing 696-714 Albany Avenue at $240,000 and 690 Albany Avenue at $135,000.

The court granted the defendant's subsequent motions to open and to extend the sale date for both cases to January 15, 2005. On January 13, 2005, the defendant filed a petition for relief under chapter 7 of the United States Bankruptcy Code, which, pursuant to 11 U.S.C. § 362, stayed the sale date. On May 18, 2005, the Bankruptcy Court dismissed the petition with a 180 day bar on refiling. The plaintiff then moved to reopen the judgments in both foreclosure cases. On June 6, 2005, the court again rendered judgments of foreclosure by sale in both cases. The court found the values of each property to be the same as the values found in the original judgments, $260,000 and $145,000, respectively, noted that the returns of appraisal previously had been ordered and set a sale date of September 3, 2005. On August 23, 2005, the court granted the defendant's motion to extend the sale date in both cases, setting a new sale date of October 1, 2005.

At the foreclosure sales on October 1, 2005, the successful bid on 696-714 Albany Avenue was $230,000,

and the successful bid on 690 Albany Avenue was
$186,000. The defendant filed an objection to the motion
for approval of committee sale of 696-714 Albany Ave-
nue on October 20, 2005, arguing that the sale price
was inadequate.[3] At a hearing on November 14, 2005,
the court approved the committee sale and deed on
both properties and overruled the defendant's objec-
tion. This appeal followed.

The defendant claims that the court improperly
approved the foreclosure sales of the properties
because it did not order and receive new appraisals
pursuant to § 49-25 when, in June, 2005, it rendered
judgments of foreclosure by sale. We disagree.

Prior to the sale of the subject properties, the defen-
dant did not object to the court order of sale. The
defendant never raised a claim regarding the filing of
appraisals required by § 49-25. "As a general rule, we
will not consider a claim on appeal that was not dis-
tinctly raised at the trial level." *Dime Savings Bank of
New York* v. *Grisel*, 36 Conn. App. 313, 317, 650 A.2d
1246 (1994). The defendant, however, has requested
plenary review under the plain error doctrine; see Prac-
tice Book § 60-5; arguing that the court did not comply
with the provisions of § 49-25. "In civil cases, [p]lain
error is properly reserved for those extraordinary situa-
tions where the error is so obvious that the fairness
and integrity of and public confidence in the judicial
process would be impaired were we to fail to address an
issue that was not raised or preserved at trial." (Internal
quotation marks omitted.) *Lynch* v. *Granby Holdings,
Inc.*, 230 Conn. 95, 98, 644 A.2d 325 (1994). A court's
failure to follow the mandatory provisions of a statute

---

[3] The defendant's objection to the approval of the committee sale did not
encompass the sole issue he now raises on appeal, that is, whether the
court complied with the mandatory appraisal provisions of General Statutes
§ 49-25.

prescribing trial procedures constitutes plain error subject to plenary review. *Dime Savings Bank of New York* v. *Grisel*, supra, 318. Contrary to the defendant's allegations, this is not such a case because the court complied with the mandatory provisions of § 49-25 by ordering appraisals that were returned on September 9, 2004.

Section 49-25 unambiguously requires a court to order an appraisal of property prior to a foreclosure sale. This requirement is designed to give the court a factual basis for determining the fair market value of a property and whether to approve a proposed sale as fairly realizing the value of the property. Id., 319; *New England Savings Bank* v. *Lopez*, 227 Conn. 270, 279, 630 A.2d 1010 (1993).

Here, the court complied with § 49-25 as evidenced by the return of court-ordered appraisals on September 9, 2004. Section 49-25 does not mandate a new appraisal prior to sale. Although the return of the appraisals in this case occurred more than one year prior to the sale, the defendant did not at any time request an updated appraisal or a second court-ordered appraisal, as permitted by § 49-25. The defendant argues that our holding in *Dime Savings Bank of New York* v. *Grisel*, supra, 36 Conn. App. 313, supports his request for plain error review in this case. Integral to the holding in *Dime Savings Bank of New York* was the fact that the record clearly indicated that the court did not have the benefit of any court-ordered appraisal pursuant to § 49-25 when it confirmed the sale. Id., 317. Thus, *Dime Savings Bank of New York* is clearly distinguishable from the present case.

Further, the lapse in time between the return of the valuation on the properties by the court-appointed appraiser and the actual date of sale was the result of the defendant's requests for extensions and his intervening

bankruptcy petition. If the defendant believed, given these delays, that an updated appraisal was necessary for the court's consideration of the fairness of the sale price, he should have requested one. In short, plain error review is unavailing when, as here, the defendant's own tactical decisions directly caused the circumstance of which he now complains.

The defendant did not raise any claim as to the sufficiency of the appraisals to the court, and plain error review is not properly invoked because § 49-25 did not mandate the return of updated appraisals in this case.

The judgments are affirmed.

In this opinion the other judges concurred.