ASTORIA FEDERAL MORTGAGE CORPORATION *v.*
ARTHUR MATSCHKE ET AL.
(AC 29428)

Bishop, Gruendel and Lavine, Js.

Argued October 20—officially released December 2, 2008

*Gregory J. Cava*, for the appellants (defendants).

*Andrew P. Barsom*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this foreclosure action, the defendants, Arthur Matschke and Elaine Matschke, appeal from the judgment of the trial court denying their motion to open a judgment of foreclosure by sale. We dismiss the appeal for lack of subject matter jurisdiction.

The plaintiff, Astoria Federal Mortgage Corporation, commenced a foreclosure action against the defendants in the summer of 2005 with respect to real property located in Bridgewater (property). On February 27, 2006, the court rendered judgment of foreclosure by sale, finding the value of the property to be $625,000. The defendants did not appeal from that judgment. The court thereafter set a sale date of December 2, 2006. Six successive, and successful, motions to open the judgment and to set a new sale date followed over the course of the next year.[1] On November 20, 2007, the defendants moved once again to open the judgment of foreclosure and to set aside the scheduled December 8, 2007 sale date. The court denied that motion on December 3, 2007, and the defendants appealed to this court on December 7, 2007. Their principal claim on appeal pertains to the alleged noncompliance with a standing order, in accordance with General Statutes § 49-25,[2] requiring a disinterested appraiser to submit to the court its appraisal of the foreclosed property at least seven days prior to the sale. See Standing Order JD-CV-79 (10).

The plaintiff argues, and we agree, that the present appeal is not ripe for our adjudication and hence nonjusticiable. "Justiciability involves the authority of the court to resolve actual controversies. . . . Because courts are established to resolve actual controversies,

---

[1] The court granted the defendants' November 21, 2006 motion to open the judgment on November 27, 2006. The court granted the defendants' January 19, 2007 motion to open the judgment on January 22, 2007. The court granted the defendants' April 9, 2007 motion to open the judgment on April 23, 2007. The court granted the defendants' July 18, 2007 motion to open the judgment on July 23, 2007. The court granted the defendants' August 24, 2007 motion to open the judgment on September 4, 2007.

[2] General Statutes § 49-25 provides in relevant part: "When the court in any such proceeding is of the opinion that a foreclosure by sale should be decreed, it shall . . . appoint one disinterested appraiser who shall, under oath, appraise the property to be sold and make return of the appraisal to the clerk of the court. . . ."

before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . . As we have recognized, justiciability comprises several related doctrines, namely, standing, ripeness, mootness and the political question doctrine." (Citations omitted; internal quotation marks omitted.) *Statewide Grievance Committee* v. *Burton*, 282 Conn. 1, 7, 917 A.2d 966 (2007). "A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction. . . . [B]ecause an issue regarding justiciability raises a question of law, our appellate review [of the question of ripeness] is plenary." (Citation omitted; internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 86, 952 A.2d 1 (2008).

As our Supreme Court has explained, "the rationale behind the ripeness requirement is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . [and we therefore] must be satisfied that the case before [us] does not present a hypothetical injury or a claim contingent upon some event that has not and indeed may never transpire." (Internal quotation marks omitted.) *Office of the Governor* v. *Select Committee of Inquiry*, 271 Conn. 540, 570, 858 A.2d 709 (2004). At present, no sale date has been set for the property subject to the court's judgment of foreclosure. As a result, the possible failure of the disinterested appraiser to submit to the court an appraisal of the property at least seven days prior to that sale remains hypothetical. To proceed to a consideration of the merits of the defendants' claim requires us to engage in speculation and

conjecture, which "have no place in appellate review." *Narumanchi* v. *DeStefano*, 89 Conn. App. 807, 815, 875 A.2d 71 (2005). Because the defendants' claim is contingent on some event that has not and indeed may never transpire, it is not ripe for our adjudication.

In addition, justiciability requires the determination of the controversy to result in practical relief to the complainant. See *Statewide Grievance Committee* v. *Burton*, supra, 282 Conn. 7. Irrespective of which party prevails in this appeal, the matter will return to the Superior Court, where a new sale date will be set. The defendants will find themselves in the same position whether this court rules in favor of the plaintiff, the defendants or dismisses the appeal altogether, and will be free to challenge the propriety of the independent appraiser's submission following the committee sale.[3] See, e.g., *Jacqueline Properties, LLC* v. *Gartrell,* 101 Conn. App. 6, 919 A.2d 1059, cert. denied, 283 Conn. 907, 927 A.2d 918 (2007). We thus perceive no practical relief that this court can grant to the defendants in this appeal. Accordingly, we dismiss the appeal for lack of subject matter jurisdiction.

The appeal is dismissed.

---

[3] The defendants also claim that the present dispute falls within the purview of the capable of repetition, yet evading review exception to the mootness doctrine. See *Loisel* v. *Rowe*, 233 Conn. 370, 660 A.2d 323 (1995) (en banc). That claim fails in light of our recent review of an almost identical claim. In *Jacqueline Properties, LLC* v. *Gartrell*, 101 Conn. App. 6, 919 A.2d 1059, cert. denied, 283 Conn. 907, 927 A.2d 918 (2007), the defendant property owner appealed to this court from the trial court's approval of the sale of foreclosed property, claiming that "the court improperly approved the foreclosure sales of the properties because it did not order and receive new appraisals pursuant to § 49-25 when . . . it rendered judgments of foreclosure by sale." Id., 9. In reviewing that claim, we concluded that the trial court in that case "complied with § 49-25 . . . ." Id., 10. As such, the defendants' contention that their claim evades review fails.