WATER POLLUTION CONTROL AUTHORITY OF
THE CITY OF BRIDGEPORT *v.* RONALD
JOHNSON ET AL.
(AC 32621)

Gruendel, Beach and Peters, Js.

Argued June 2—officially released August 16, 2011

*David W. Colwick,* with whom, on the brief, was *Carmine Perri,* for the appellant (defendant JMP & Sons Property Management, LLC).

*Juda J. Epstein,* with whom, on the brief, was *John J. Ribas,* for the appellee (plaintiff).

*Opinion*

PETERS, J. Pursuant to General Statutes § 49-30,[1] the rights of a purchaser acquiring title at a foreclosure sale are governed by the rule of caveat emptor. *Mortgage*

---

[1] General Statutes § 49-30 provides: "When a mortgage or lien on real estate has been foreclosed and one or more parties owning any interest in or holding an encumbrance on such real estate subsequent or subordinate to such mortgage or lien has been omitted . . . all other parties foreclosed by the foreclosure judgment shall be bound thereby as fully as if no such omission or defect had occurred and shall not retain any equity or right to redeem such foreclosed real estate. Such omission or failure to properly foreclose such party or parties may be completely cured and cleared by deed or foreclosure or other proper legal proceedings to which the only necessary parties shall be the party acquiring such foreclosure title, or his successor in title, and the party or parties thus not foreclosed, or their respective successors in title."

*Electronic Registration Systems, Inc.* v. *White*, 278 Conn. 219, 235, 896 A.2d 797 (2006). In this case, in accordance with § 49-30, the property that a purchaser bought at a foreclosure sale previously had been held to be subject to a mortgage lien that had been omitted in the documentation of the foreclosure proceedings. The only issue in this appeal is whether the trial court abused its discretion in denying the purchaser's consequent motion to vacate the foreclosure judgment. We affirm the judgment of the court.

On July 2, 2007, the plaintiff, the Water Pollution Control Authority of the city of Bridgeport, filed a complaint for the foreclosure of a sewer use lien on property located at 230 Trumbull Avenue that was owned by the defendant Ronald Johnson (Johnson). The complaint identified the defendant Fremont Investment & Loan (Fremont) as holding one of two encumbrances that were subsequent to the plaintiff's interest. On September 10, 2007, the court entered a judgment of foreclosure by sale. At an auction conducted on January 5, 2008, the property was sold to the defendant JMP & Sons Property Management, LLC (JMP), for $99,100.[2] After court approval of the committee deed, the property was conveyed to JMP on February 29, 2008.

On May 14, 2008, Fremont moved to open the judgment of foreclosure and to dismiss the plaintiff's complaint. It alleged that, on February 8, 2006, Fremont had lent Johnson $192,000 secured by a mortgage on his Trumbull Avenue property, and that while Fremont was the payee on the note, it had never been the mortgagee of record. The mortgage securing the note was held by Mortgage Electronic Registrations Systems, Inc. (MERS), and the plaintiff's foreclosure complaint

---

[2] The record reveals that Johnson was indebted to the plaintiff in the amount of $7570.99 and that the fair market value of his property was $240,000.

improperly had failed to reference MERS as a mortgagee of record.[3] Relying on General Statutes § 49-26,[4] JMP objected to the motion on the ground that its title in the foreclosed property had become absolute. The court, *Pinkus, J.*, denied Fremont's motion because, without a legal or equitable interest in the property, Fremont lacked standing to pursue its claim.

On May 2, 2008, MERS had, however, assigned its interest in the mortgage to LaSalle Bank, N.A., Trustee (LaSalle). On May 27, 2008, relying on § 49-30, LaSalle brought a separate action to foreclose its mortgage interest in Johnson's property. *LaSalle Bank, N.A., Trustee* v. *Johnson*, Superior Court, judicial district of Fairfield, Docket No. CV-08-5016113-S. It alleged that, because the MERS mortgage improperly had been omitted from the plaintiff's foreclosure action, LaSalle was not bound by the foreclosure judgment. Over JMP's objection, the court, *Doherty, J.*, upheld LaSalle's right to pursue its foreclosure action with respect to the property that JMP had bought at the plaintiff's foreclosure sale.

On August 28, 2009, JMP filed a motion in the present action to open and vacate the foreclosure judgment and all supplemental judgments. Because foreclosure of LaSalle's lien would deprive it of its rights as a purchaser at the foreclosure sale, JMP moved that the

---

[3] The complaint also alleged that the sales price was inadequate.

[4] General Statutes § 49-26 provides: "When a sale has been made pursuant to a judgment therefor and ratified by the court, a conveyance of the property sold shall be executed by the person appointed to make the sale, which conveyance shall vest in the purchaser the same estate that would have vested in the mortgagee or lienholder if the mortgage or lien had been foreclosed by strict foreclosure, and to this extent such conveyance shall be valid against all parties to the cause and their privies, but against no other persons. The court, at the time of or after ratification of the sale, may order possession of the property sold to be delivered to the purchaser and may issue an execution of ejectment after the time for appeal of the ratification of the sale has expired."

judgment of sale be opened and vacated on equitable grounds and that the proceeds of the sale be returned to JMP together with its costs. Ruling in accordance with the plaintiff's objection, the court denied JMP's motion to open and its subsequent motion to reargue. This appeal followed.

JMP's appeal is governed by a well established standard of review. "The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Internal quotation marks omitted.) *Northeast Savings, F.A.* v. *Hintlian*, 241 Conn. 269, 275, 696 A.2d 315 (1997). JMP acknowledges that it can prevail only if it can establish that the court's judgment was an abuse of its discretion. *AvalonBay Communities, Inc.* v. *Sewer Commission*, 270 Conn. 409, 417, 853 A.2d 497 (2004).

JMP argues that the court improperly (1) relied on § 49-30 and the rule of caveat emptor as governing title disputes in foreclosure actions, (2) found that the plaintiff had provided adequate warnings to bidders at the foreclosure sale that the purchaser would be assuming the risk of an undisclosed encumbrance on the property and (3) attached significance to JMP's earlier objection to Fremont's motion to set aside the foreclosure sale on the same ground that JMP raised in its motion to open. We disagree with each of these claims of impropriety.

I

JMP's criticism of the court's reliance on § 49-30 demonstrates a misunderstanding of the central role of this statute in establishing the ground rules that govern priority disputes in foreclosure sales. The statute unequivocally provides that the failure of a foreclosure sale to account for the interest of an undisclosed lienholder such as MERS is not a ground for invalidating the sale, which continues to be binding on the purchaser "as

fully as if no such omission or defect had occurred
. . . ." General Statutes § 49-30. Instead of invalidating
the sale, the statute authorizes the undisclosed lien-
holder to pursue its rights "by deed or foreclosure or
other proper legal proceedings to which the only neces-
sary parties shall be the party acquiring such foreclo-
sure title, or his successor in title, and the party or
parties thus not foreclosed, or their respective succes-
sors in title." General Statutes § 49-30. Thus, § 49-30
categorically and unconditionally imposes the risk of
undisclosed liens on the purchasers of property at fore-
closure sales, such as JMP.[5]

Accordingly, in the companion case brought by
LaSalle against JMP, the court, *Doherty, J.*, properly
relied on § 49-30 in holding that LaSalle has an enforce-
able mortgage claim against the property that JMP
bought at the foreclosure sale. *LaSalle Bank, N.A.,
Trustee* v. *Johnson*, supra, Superior Court, Docket No.
CV-08-5016113-S (August 10, 2009). This holding in the
LaSalle case led JMP to file the motion to open and
vacate the judgment of foreclosure in the present case.

## II

The categorical mandate of § 49-30 diminishes the
probative force of JMP's claim that the plaintiff pro-
vided inadequate warnings to prospective purchasers
of the risk of an undisclosed lien on Johnson's property.

---

[5] Although we have not been able to find any relevant legislative history,
it is plausible to assume that the legislature's allocation of the risk of nondis-
closure to purchasers at foreclosure sales reflects the perception that fore-
closure sales often are forced sales at which properties are purchased and
sold at less than fair market value. See, e.g., *First National Bank of Chicago*
v. *Maynard*, Superior Court, judicial district of New London, Docket No.
CV-01-0558807 (December 18, 2001) (31 Conn. L. Rptr. 142), aff'd, 75 Conn.
App. 355, 815 A.2d 1244, cert. denied, 263 Conn. 914, 821 A.2d 768 (2003);
*PHH Mortgage Service* v. *Pike*, Superior Court, judicial district of Windham,
Docket No. CV-98-0057613-S (August 21, 1998) (22 Conn. L. Rptr. 691);
*Stamford* v. *Three Dees Corp.*, Superior Court, judicial district of Stamford-
Norwalk, Docket No. CV-93-0128951-S (August 1, 1994).

The text of § 49-30 does not impose such a duty on the foreclosing lienholder. JMP has not cited any other statute that imposes such a duty.

We recognize that, in light of the equitable nature of foreclosure proceedings; *Ridgefield Bank* v. *Stones Trail, LLC*, 95 Conn. App. 279, 282–83, 898 A.2d 816, cert. denied, 279 Conn. 910, 902 A.2d 1069 (2006); the plaintiff nonetheless was required to take reasonable steps to alert prospective purchasers to the inquiries that they should make for their own protection. Yet § 49-30 has a role to play in the assessment of the adequacy of the plaintiff's cautionary instructions to prospective purchasers. Disclaimers of warranty in a contract for the sale of goods are read strictly because they *limit* the rights that article 2 of the Uniform Commercial Code otherwise would provide to a disappointed purchaser of goods. See General Statutes §§ 42a-2-312 through 42a-2-316. Strict construction is not the proper rule for cautionary instructions that *alert* prospective purchasers to the risks of loss assigned to them by § 49-30.

In this case, the court, after determining that it had discretion to decide whether to grant JMP's motion to open the judgment of foreclosure, concluded that the documentary record demonstrated that the plaintiff had fulfilled its ethical obligations to JMP. Among the many facts on which the court relied was that, in advertising the sale, the plaintiff had warned potential purchasers that "[t]he property will be sold as a whole, '*as is*,' *without representations of any kind,* free and clear of interests of the parties bound by said judgment but subject to taxes and such other liens not foreclosed by said judgment . . . ." (Emphasis altered.) The "fact sheet—notice to bidders" likewise warned that "[t]he property is being sold 'as is,' subject to no contingencies whatsoever. The Committee makes no warranties, either express or implied, concerning the property's condition, and no adjustments will be made for any

defects that may be discovered after this date." Consistent with these warnings, the real estate contract provided in relevant part: "Said premises are to be sold further *subject to* . . . any and all provisions of any public or private law, easements and encumbrances of record." (Emphasis altered.)

JMP argues, however, that the committee deed of sale was fatally misleading in its description of the property that JMP was purchasing. The deed stated that the premises were being conveyed "free and clear of the mortgage/lien being foreclosed, and of all claims subsequent in right thereto, the holders of which are bound by this action. Said premises are conveyed subject to (a) all prior liens and encumbrances which are prior in right to the mortgage/lien foreclosed; (b) all taxes, sewer assessments and sewer use charges (if any) . . . ." It is undisputed that the MERS lien that was the basis for LaSalle's foreclosure action was a subsequent lien.

JMP focuses on the language "free and clear . . . of all claims subsequent in right" as dispositive of its claim against the plaintiff. The plaintiff reminds us, however, that this language is followed by the limiting phrase "the holders of which are bound by this action." JMP has not addressed the significance of this limiting phrase. Undisputedly, under § 49-30, MERS held a lien that, although undisclosed, was *not* bound by the plaintiff's foreclosure action. The deed of sale was, therefore, not misleading.

On this record, we conclude that the court did not abuse its discretion in declining to set aside the foreclosure sale for lack of notice to JMP of the risk that an undisclosed lienor might have superior property rights in the foreclosed property. The court carefully assessed the record in its entirety and properly gave weight to the extensive warnings that the plaintiff gave to potential

purchasers of the foreclosed property. The court's hold-
ing, although disappointing to JMP, necessarily reflects
the policy adopted by our legislature in enacting § 49-30.

### III

Finally, JMP maintains that the court abused its dis-
cretion in taking account of JMP's role in the prior
litigation about the MERS lien. "[B]ecause a mortgage
foreclosure action is an equitable proceeding, the trial
court may *consider all relevant circumstances to
ensure that complete justice is done.*" (Emphasis in
original; internal quotation marks omitted.) *Morgera* v.
*Chiappardi*, 74 Conn. App. 442, 457, 813 A.2d 89 (2003).

The court noted that JMP actively had opposed Fre-
mont's motion to open the judgment that had sought
to remedy the *same* omitted mortgage interest that JMP
presently was using as the basis for its claim for equita-
ble relief.[6] The court observed that JMP had "changed
its position . . . only after discovering that the omitted
subsequent interest holder could foreclose on the prop-
erty in its own right regardless of the judicial sale to
JMP."

In this appeal, JMP maintains that the court's analysis
improperly overlooked the distinction between the pro-
cedural ground for its earlier objection to Fremont's
motion and the substantive ground for its present con-
tention that the foreclosure sale should be set aside. It
argues that, at the earlier hearing, it was entitled to *rely*
on the apparent propriety of the foreclosure process
in which it acquired the Johnson property, whereas in
the present proceeding it is entitled to *challenge* the

---

[6] In JMP's memorandum of law in support of its opposition to Freemont's
motion to open the judgment, JMP argued that the court was precluded
from opening the judgment because absolute title had passed to JMP as the
purchaser at the foreclosure sale and that opening the judgment would
result in extreme prejudice and would "unfairly infringe" on JMP's newly
acquired interest in the property.

validity of the underlying propriety of the foreclosure sale.

We agree, however, with the plaintiff's observation that JMP's argument ignores the significance of the fact that, however denominated, Fremont's motion gave JMP *actual* notice, in 2008, that MERS was a mortgagee of record that had been omitted from the underlying foreclosure action brought by the plaintiff against Johnson. JMP then waited fifteen months to file its motion to open the judgment of foreclosure.

On this record, we agree with the court that it was reasonable to find that it was only the holding in favor of MERS' assignee, LaSalle, that prompted JMP to pursue the very same claim that Fremont's motion earlier had put on the table. We are persuaded, therefore, that the court properly concluded that "[e]quity does not require that JMP be allowed to rescind a transaction it now finds unfavorable . . . ."

The judgment is affirmed.

In this opinion the other judges concurred.

