******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# SANLE ZHANG ET AL. *v.* 56 LOCUST ROAD, LLC
## (AC 38853)

Lavine, Mullins and West, Js.

*Syllabus*

The plaintiffs sought to quiet title to certain real property. The trial court rendered judgment for the plaintiffs on their complaint and in favor of the defendant in part on a counterclaim it had filed, from which the defendant appealed and the plaintiffs cross appealed to this court. The trial court had found in the plaintiffs' favor on their claim of adverse possession and, with respect to the counterclaim, granted the defendant an easement by necessity over the disputed area. On appeal, the defendant claimed, inter alia, that the trial court improperly found in favor of the plaintiffs on their claim of adverse possession, and on cross appeal, the plaintiffs claimed that the court erred in granting the defendant the easement by necessity. *Held* that the trial court having fully and accurately addressed the relevant issues in its memorandum of decision, and having set forth a proper statement of the facts and applicable law, further discussion by this court was not necessary, and the judgment was affirmed.

Argued May 24—officially released October 17, 2017

*Procedural History*

Action to quiet title to certain real property allegedly acquired by adverse possession, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the defendant filed a counterclaim; thereafter, the matter was tried to the court, *Povodator, J.*; judgment for the plaintiffs on the complaint and in part for the defendant on the counterclaim, from which the defendant appealed and the plaintiffs cross appealed to this court. *Affirmed.*

*Michael J. Cacace*, with whom was *Ronald E. Kowalski II*, for the appellant-appellee (defendant).

*Richard E. Castiglioni*, with whom were *Bridgitte E. Mott* and, on the brief, *Jonathan J. Kelson*, for the appellees-appellants (plaintiffs).

*Opinion*

PER CURIAM. The defendant, 56 Locust Road, LLC, appeals from the judgment of the trial court quieting title to a disputed area of land in favor of the plaintiffs, Sanle Zhang and Yanpin Li, and granting the defendant a ten foot easement by necessity over the easterly portion of the disputed area. The plaintiffs cross appeal from the portion of the judgment in which the court granted the defendant the easement by necessity. On appeal, the defendant claims: (1) because the plaintiffs' predecessors in title did not convey, either orally or by deed, their interest in the disputed area, the trial court erred in finding in favor of the plaintiffs on their claim of adverse possession; (2) the trial court failed to balance the equities in this case by rejecting the defendant's equitable defenses; (3) General Statutes §§ 47-37 and 52-575 are unconstitutional because they permit a taking of property without just compensation; and (4) the easement granted by the court may not provide meaningful access to the defendant because the court specifically subjected the easement to the town's land use regulations.[1] The plaintiffs claim on cross appeal that the court erred in granting the defendant an easement by necessity.

Having examined the appellate record and having considered the briefs and the arguments of the parties, we conclude that the judgment of the trial court should be affirmed. The trial court fully and accurately addressed the issues relevant to the parties' appeals and, in its memorandum of decision, set forth a proper statement of both the facts and the applicable law. Any further discussion by this court would serve no useful purpose.

The judgment is affirmed.

[1] In its fourth claim, the defendant argues: "*If the defendant is unable to secure the necessary municipal approvals* . . . it [will] have no way to access the larger, nearly three acre, portion of the now severed 56 Locust Road property. Such a result would completely frustrate the trial court's order and would be contrary to Connecticut precedent requiring that the defendant be permitted to access its now landlocked property." (Emphasis added.) We conclude that this claim is premature and, therefore, unreviewable. "It is axiomatic that a claim is not ripe for adjudication when an injury is hypothetical, or a claim [is] contingent upon some event that has not and indeed may never transpire." (Internal quotation marks omitted.) *Lost Trail, LLC* v. *Weston*, 140 Conn. App. 136, 155, 57 A.3d 905, cert. denied, 308 Conn. 915, 61 A.3d 1102 (2013); see also *Astoria Federal Mortgage Corp.* v. *Matschke*, 111 Conn. App. 462, 464, 959 A.2d 652 (2008) ("the rationale behind the ripeness requirement is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . [and we therefore] must be satisfied that the case before [us] does not present a hypothetical injury or a claim contingent upon some event that has not and indeed may never transpire" [internal quotation marks omitted]), cert. denied, 290 Conn. 909, 964 A.2d 544 (2009).